IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| AARON CHAVEZ, *et al.*, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GENEVA ENTERPRISES, LLC, *et al.*,<br><br>Defendants. | 1:26-cv-01592-MSN-WBP |

**MEMORANDUM OPINION**

This matter comes before the Court on Defendants' Omnibus Motion to Dismiss (ECF 116) and Plaintiffs' Unopposed Motion for Leave to File a Sur-Reply (ECF 123). On June 8, 2026, thirty Plaintiffs initiated suit against Defendants. Plaintiffs are former employees of Rosenthal Automotive ("Rosenthal"), a Northern Virginia auto dealership enterprise operated by the named Defendants and managed by Defendant Geneva Enterprises, LLC ("Geneva"). ECF 1 ¶¶ 1, 3-4. Following Defendants' filing of Motions to Dismiss, Plaintiffs amended their Complaint on August 18, 2026. ECF 105.[1] The First Amended Complaint ("FAC") asserts twenty-one causes of action against Defendants, including federal collective action claims pursuant to the Federal Labor Standards Act (FLSA) (Cause of Action Nos. 1-7), and Virginia Rule 23 class action claims under the Virginia Overtime Wage Act (VOWA) (Cause of Action Nos. 8, 9), Virginia Wage Payment Act (VWPA) (Cause of Action Nos. 10-12, 20, 21), and Virginia common law claims of breach of

[1] As stated in open court on October 16, 2026, the Court denies the outstanding Motions to Dismiss (ECF 34, 37, 42, 47, 48, 53, 55, 59, 63, 67, 71, 75, 79, 83, 87, 91, 95) as moot, given the subsequent filing of the First Amended Complaint.

contract (Cause of Action Nos. 13, 15, 19) and unjust enrichment/restitution/*quantum meruit* (Cause of Action Nos. 14, 16-19). Along with Geneva, Plaintiffs sue their employer dealerships, support entities, management companies, and holding companies associated with Rosenthal Automative, and President and Chief Executive Officer of Rosenthal Automotive, George Liu. *Id.* ¶¶ 27, 35-58. Plaintiffs challenge a multitude of compensation programs they allege led to unpaid wages and unpaid overtime, including a company-wide ten percent pay reduction from July 2020 through July 2021, reduced compensation, nonpayment of longevity compensation, denial of overtime and training pay, and an individual claim of retaliation. *Id.* ¶¶ 4, 72-101. Defendants moved to dismiss the Complaint on September 8, 2026. ECF 116. Plaintiffs filed an opposition on September 22, 2026. ECF 121. Defendants filed their reply on September 28, 2026. ECF 122. On September 30, 2026, Plaintiffs moved for leave to file a sur-reply. ECF 123.[2]

Having considered the motions and the arguments of counsel, and for the reasons stated below and in open court, the Court will **GRANT IN PART** and **DENY IN PART** Defendants' Motion to Dismiss (ECF 116).

## I. BACKGROUND

On February 16, 2024, Plaintiffs in this litigation plus an additional employee filed individual employment arbitration demands with the American Arbitration Association (the "AAA") against "Rosenthal Automotive Group; Geneva Enterprises LLC; AV Automotive, LLC et al." ECF 105 ¶ 167. They alleged wage-related claims under the Virginia Wage Payment Act, unjust enrichment, and (for Plaintiff Alex Guevara) a claim under the Fair Labor Standards Act. *Id.* Geneva Enterprises LLC ("Geneva") and AV Automotive, LLC ("AV") refused to pay the

[2] For the reasons stated in open court, the Court grants Plaintiffs' request to file a sur-reply (ECF 123) and has considered the arguments advanced by Plaintiffs in their sur-reply when rendering a decision on Defendants' Motion.

Respondent Initiation Fee required by the AAA, which led to the AAA administratively closing the arbitration. ECF 105 ¶¶ 170-72. Geneva and AV then commenced a civil action in March 2024 against the former employees in the Circuit Court of Fairfax County, seeking an injunction against the above-referenced arbitrations. *Id.* ¶ 169. The action was removed to federal court, and the Court denied Geneva and AV's request to enjoin the arbitration and stayed the action pending resolution of the arbitration. *Id.* ¶ 172. After the Fourth Circuit denied the employees' appeal for lack of jurisdiction on April 10, 2026, and after the Fourth Circuit mandate was issued on May 4, 2026, the employees filed this action. *Id.* ¶ 174.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure only require that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). Importantly, in making this determination, a district court must "accept as true all well-pled facts in the complaint and construe them in the light most favorable to [the plaintiff]." *United States v. Triple Canopy, Inc.*, 775 F.3d 628, 632 n.1 (4th Cir. 2015).

However, to survive a motion to dismiss, the complaint must "state[] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679. In this regard, while a plaintiff is not required to plead facts that constitute a prima facie case in order to survive a motion to dismiss, *see Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-15 (2002), "[f]actual allegations

must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp.*, 550 U.S. at 555.

In assessing a motion to dismiss, a court may consider public records, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice," or sources "whose accuracy cannot reasonably be questioned." *Katyle v. Penn National Gaming, Inc.*, 637 F.3d 462, 466 (4th Cir. 2011). This includes documents filed in prior court proceedings. *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009).

## III. ANALYSIS

### A. Statute of Limitations

FLSA claims for unpaid overtime compensation are generally subject to a two-year statute of limitations. 29 U.S.C. § 255(a). Claims arising out of an employer's willful violation of the FLSA are subject to a three-year statute of limitations. *Id.* An FLSA violation is "willful" when an employer "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Walsh v. Kynd Hearts Home Healthcare, LLC*, 644 F. Supp. 3d 180, 187 (E.D. Va. 2022) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)). Plaintiffs allege that in May 2020, the U.S. Department of Labor Wage and Hours Division investigated Geneva d/b/a Rosenthal, found FLSA overtime violations, and required corrective action. ECF 105 ¶¶ 6, 159. For purposes of the Motion to Dismiss, the Court finds that the FAC, which includes allegations of FLSA violations arising after May 2020, plausibly alleges willful violations of the FLSA based on the Labor Department's investigation. Accordingly, the three-year statute of limitations applies to the FLSA claims. *See e.g.*, *Hugler v. Saldivar & Assocs., Inc.*, No. 1:17-cv-55-LMB-MSN, 2017 WL 4678210, at *1 (E.D. Va. Oct. 17, 2017).

VWPA and VOWA claims are subject to a three-year statute of limitations. Va. Code § 40.1-29(M); Va. Code § 40.1-29.2. The Virginia common law claims for unjust enrichment, restitution, and *quantum meruit* are also subject to a three-year statute of limitations. Va. Code § 8:01-246(4). Under Virginia law, the statute of limitations applicable to a breach of contract action is five years and runs from the date "when the breach of contract occurs." *Am. Inn, L.P. v. Wolf*, 28 F. App'x. 316, 319 (4th Cir. 2002) (citing Va. Code § 8.01-246(2)). "It is generally accepted that a cause of action accrues for statute of limitation purposes at each regular payday immediately following the work period during which services were rendered and for which overtime compensation is claimed." *See Jones v. iGo Mktg. & Ent. LLC*, No. 1:22-cv-03095-JRR, 2023 WL 5880152, at *4 (D. Md. Sept. 11, 2023) (internal quotation marks omitted). Equitable tolling is available when: 1) "the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant," or 2) "extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (internal quotation marks omitted).

Plaintiffs allege that the Rosenthal arbitration agreements "required employment and termination disputes, including statutory, contract, and tort claims and disputes involving Rosenthal affiliates, officers, directors, managers, and supervisors, to be submitted to the American Arbitration Association ('AAA') under its Employment Rules." ECF 105 ¶ 167. The Court finds that Plaintiffs' initiation of arbitration tolled the statute of limitations for the claims asserted in Plaintiffs' arbitration demands. *See Brunswick Land Corp. v. Perkinson,* 151 S.E. 138, 140 (Va. 1930) ("[T]he pendency of a suit to enforce a right of action, however long protracted, suspends [the] effect [of the statute of limitations].") Plaintiffs' arbitration demands only allege claims under the VWPA for Defendants' "illegally deducting/withholding Claimant's wages and/or caus[ing]

Claimant to illegally forfeit Claimant's wages," and under the common law for unjust enrichment and quantum meruit. ECF 117-1 to -30 ("Arbitration Demands"). Only Plaintiff Guevara alleges Geneva and AV violated the FLSA "by failing to pay him premium overtime compensation for every hour he worked over 40 each work week" ECF 117-2. The Court finds only these claims are tolled.

Plaintiffs do not allege they were barred from asserting FLSA, VOWA, and breach of contract claims in arbitration or that these claims were not arbitrable. In fact, Plaintiffs allege Rosenthal required covered employment disputes "including statutory, contract, and tort claims to proceed before AAA." FAC ¶¶ 162-65. Further, Plaintiffs signed an "Agreement to Submit All Employment Disputes to Arbitration," which provided that "any claim that arises out of, or relates to, my employment or termination with the Company, must be resolved through final and binding arbitration." ECF 1-2, *Geneva Enterprises, LLC et al v. Chavez et al*, 1:24-cv-00704-AJT-WBP, at 13 (E.D. Va. Apr. 29, 2024) ("Arbitration Agreement"). As such, the FAC does not plausibly allege that the VOWA, breach of contract, or remaining FLSA claims present "extraordinary circumstances beyond plaintiffs' control" or that "wrongful conduct by the Defendants" barred these specific actions. Therefore, the statute of limitations for these claims will not be tolled.

The Court declines to adopt, at this stage, Defendants' argument that only claims against the Defendants named as Respondents in Plaintiffs' arbitration demands – Geneva and AV – are tolled. *See* Arbitration Demands. Generally, Virginia courts are clear that statutes of limitations are tolled only as to the parties named in the lawsuit. *Swann v. Marks*, 476 S.E.2d 170, 171 (Va. 1996). Plaintiffs plausibly allege that they understood Rosenthal Automotive Group, an entity they named in their arbitration demands, but not as a Defendant in this action, to be their employer. *See* ECF Arbitration Demands; *see also* Arbitration Agreement (stating the document was "Property

of Rosenthal Automotive" in a footnote); ECF 105 ¶ 3 ("The thirty named Plaintiffs worked across Rosenthal's Northern Virginia dealerships and related operations."); *id.* ¶ 28 ("Rosenthal's centralized compensation and employment structure operated in practice as well as on paper."). Geneva and AV's filings in the prior lawsuit confirm this understanding. ECF 1-2, *Geneva*, 1:24-cv-00704-AJT-WBP, at 77 (Declaration of Jerry H. Griffin, Vice President and General Counsel of Geneva Enterprises, LLC) (identifying Plaintiffs as "former employees of various entities that operate (or formerly operated) under the Rosenthal Automotive umbrella"); *id.* at 9 (identifying the termination dates of Plaintiffs as the date they "ceased all employment with the Rosenthal Automotive organization"). As such, at this stage, the Court finds the remaining Defendants received sufficient notice of the claims against them in Plaintiffs' arbitration demands. *See Aikens v. Ingram*, 524 F. App'x 873, 881 (4th Cir. 2013) ("[L]imitation periods are designed to ensure justice by preventing surprise, but no surprise exists when defendants are already on notice of the substantive claims being brought against them.") (citing *Weidow v. Uninsured Employers' Fund*, 246 P.3d 704, 709 (Mont. 2010) (internal edits omitted)).

Defendants assert that tolling should extend only to the four-month period during which Plaintiff's claims were pending before the AAA from February 16, 2024, through June 17, 2024. ECF 117 ¶¶ 15-17. The Court finds that the applicable statute of limitations was tolled during the arbitration period and the associated litigation brought by Geneva and AV to enjoin that arbitration. Accordingly, the Court finds that the statute of limitations was tolled from February 16, 2024 (the date Plaintiffs filed their employment demands with AAA) through May 4, 2026 (the date the judgment of the Fourth Circuit dismissing the appeal for lack of jurisdiction was final) with respect to the claims asserted in the arbitration proceedings.

Accordingly, the Court finds the following statutes of limitations apply:

1. March 23, 2021: Plaintiff Guevara's FLSA claim, all Plaintiffs' VWPA claims, all Plaintiffs' Unjust Enrichment/Restitution/*Quantum meruit* claims.

2. June 8, 2021: All Plaintiffs' breach of contract claims.

3. June 8, 2023: Remaining Plaintiffs' FLSA claims and all Plaintiffs' VOWA claims.

In sum, Plaintiffs' claims will be dismissed to the extent the alleged violations occurred before these accrual dates. The Court also dismisses the following Plaintiffs whose claims are time-barred because their employment ended before March 23, 2021: Aaron Chavez, Chelsea Montes, Michael Hook, Sean McLain, Bruce Wilson, and William Bonilla. Finally, the Fifth,[3] Sixth,[4] and Eighth[5] Causes of Actions are fully dismissed as time-barred.

**B. Defendant Liability**

Defendants argue that the FAC fails to state a claim that the dealership Defendants[6] were joint employers for purposes of establishing joint liability under FLSA, VOWA, and VWPA. ECF 117 at 18-22. FLSA defines an employer simply as "any persons acting directly or indirectly in the interest of an employer in relation to an employee," 29 U.S.C. § 203(d). Further, "[t]he definition of 'employer' under the FLSA is not limited by the common law concept of 'employer' and should 'be given an expansive interpretation in order to effectuate the FLSA's

---

[3] This FLSA claim challenged Rosenthal's enterprise-wide ten percent reduction policy, specifically as it applied to straight-time compensation, which ended in July 2021. This claim is fully barred as the alleged violation occurred prior to the Statute of Limitations accrual date of June 8, 2023.

[4] Plaintiffs allege the representative Plaintiff Paul Lyons's employment ended in July 2021, making his individual FLSA claim time-barred. Since Lyons's individual FLSA claim is time-barred, his collective action claim on behalf of similarly situated class members must be dismissed. *See Fowler v. Caesars Virginia, LLC*, No. 4:24-cv-00029, 2025 WL 3013129, at *6 (W.D. Va. Oct. 28, 2025).

[5] The original VOWA claims arise before the accrual date of June 8, 2023. Hugo Cajina and Paul Lyons's individual claims are time-barred, since they were not employed long before June 8, 2023. Similarly, any other named Plaintiffs asserting individual original VOWA claims would be time-barred.

[6] Defendants AV Automotive Stuttgart, LLC; CVY of Alexandria, LLC; HM Chantilly, LLC, CVY of Alexandria, LLC; JLR Chantilly Wind Down, LLC; Fairfax Imports, LLC; AV Automotive Munich, LLC; AV Imports, LLC; Geneva Reconditioning Services, LLC; Auto Supply and Parts Co.; and RBD of Virginia, LLC. *See* ECF 117 at 24, 28.

broad remedial purposes." *Aguirre v. Joe Theismann's Rest.*, No. 119-cv-556-AJT-MSN, 2019 WL 12267459, at *3 (E.D. Va. July 23, 2019) (quoting *Jackson v. Mayor & City Council of Baltimore City*, No. JFM 08-3103, 2009 WL 2060073, at *3 (D. Md. July 14, 2009)). VOWA incorporates the FLSA definitions of "employer." Va. Code § 40.1-29.2. An "employer" under the VWPA "means an individual, partnership, association, corporation . . . doing business in or operating within this Commonwealth who employs another to work for wages, salaries, or on commission and shall include any similar entity acting directly or indirectly in the interest of an employer in relation to an employee." Va. Code § 40.1-2.

The Fourth Circuit has "established a two-step framework for determining whether a defendant may be held liable for an alleged FLSA violation under a joint employment theory." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 767 (4th Cir. 2017). First, the court "must determine whether the defendant and one or more additional entities shared, agreed to allocate responsibility for, or otherwise codetermined the key terms and conditions of the plaintiff's work." *Id.* Only then will the court determine whether "the worker at issue is an 'employee' within the meaning of the FLSA." *Salinas v. Com. Interiors, Inc.*, 848 F.3d 125, 140 n.8 (4th Cir. 2017). Under the first step of the *Hall*/*Salinas* inquiry the "fundamental question" is "whether two or more persons or entities are 'not completely disassociated' with respect to a worker such that the persons or entities share, agree to allocate responsibility for, or otherwise codetermine—formally or informally, directly or indirectly—the essential terms and conditions of the worker's employment." *Salinas*, 848 F.3d at 141 (quotation omitted); *Hall*, 846 F.3d at 769. To guide in this analysis, the Fourt Circuit established six non-dispositive factors:

> (1) Whether, formally or as a matter of practice, the putative joint employers jointly determine, share, or allocate the power to direct, control, or supervise the worker, whether by direct or indirect means; (2) Whether, formally or as a matter of practice, the putative joint employers jointly determine, share, or allocate the power to—directly or indirectly—

> hire or fire the worker or modify the terms or conditions of the worker's employment; (3) The degree of permanency and duration of the relationship between the putative joint employers; (4) Whether, through shared management or a direct or indirect ownership interest, one putative joint employer controls, is controlled by, or is under common control with the other putative joint employer; (5) Whether the work is performed on a premises owned or controlled by one or more of the putative joint employers, independently or in connection with one another; and (6) Whether, formally or as a matter of practice, the putative joint employers jointly determine, share, or allocate responsibility over functions ordinarily carried out by an employer, such as handling payroll; providing workers' compensation insurance; paying payroll taxes; or providing the facilities, equipment, tools, or materials necessary to complete the work.

*Salinas*, 848 F.3d at 141-42; *Hall*, 846 F.3d at 769-70. Applying these factors, the Court finds that Plaintiffs have sufficiently alleged Defendants shared management and payroll responsibilities, and "share[d], agree[d] to allocate responsibility for, or otherwise codetermine[d] . . . the essential terms and conditions of [their] employment." *Salinas*, 848 F.3d at 141. Even if Plaintiffs have not sufficiently alleged joint liability under the *Salinas* factors, the Court still finds that Plaintiffs have sufficiently alleged that Defendants are a single enterprise for purposes of establishing joint liability. *See Brock v. Hamad*, 867 F.2d 804, 806-07 (4th Cir. 1989) (using the single enterprise theory for the purpose of holding an employer liable under the FLSA).

In any event, Plaintiffs plausibly allege Defendants operate a single enterprise for purposes of the FLSA, such that Defendants are collectively responsible for FLSA violations. ECF 105 ¶¶ 20-26. According to Plaintiffs, the Defendant dealerships/support entities "participated in, implemented, or benefited from the common compensation policies challenged in this action" and "implemented Geneva-approved compensation, payroll, timekeeping, discipline, and enterprise directives" *E.g.*, ECF 105 ¶¶ 41-42 (allegations related to Fairfax Imports). "Under the FLSA, a 'single enterprise' consists of "related activities performed (either through unified operation or common control) by any person or persons for a common business purpose . . . whether performed in one or more establishments or by one or more corporate or other organizational units."

*Gionfriddo v. Jason Zink, LLC*, 769 F. Supp. 2d 880, 891 (D. Md. 2011) (quoting 29 U.S.C. § 203(r)(1)). Multiple entities may constitute a "single enterprise" when they conduct "(1) related activities, (2) performed under unified operations or common control, and (3) for a common business purpose." *Brock*, 867 F.2d at 806. Defendants assert that the Plaintiffs fail to establish joint liability under FLSA, VOWA, and VWPA. However, "the Fourth Circuit has long used the single enterprise theory for the purpose of holding an employer liable under the FLSA." *Stacy v. Jennmar Corp. of Va., Inc.*, No. 1:21-cv-00015, 2025 WL 2795303, at *9 (W.D. Va. Sept. 30, 2025) (quoting *Beckley v. Priority Auto. Huntersville Inc.*, No. 3:21-cv-00072-RJC-DSC, 2021 WL 8053728, at *6 (W.D.N.C. June 21, 2021), *R. & R. adopted in part, rejected in part, sub nom. Beckley v. Priority Auto Grp., Inc.*, No. 3:21-cv-00072-RJC-DSC, 2022 WL 899453 (W.D.N.C. Mar. 28, 2022)). The Court finds that the claims at this stage are sufficient to allege joint liability for the Defendant dealerships.

**1. Dealerships/Support Entities**

The Court grants the Motion to Dismiss the claims against Automotive Stuttgart, LLC and HM Chantilly, LLC because no Plaintiffs are alleged to have worked at these entities. Accordingly, the allegations against these companies lack a representative plaintiff. Similarly, because the claims of the only Plaintiffs who worked at CVY of Alexandria are time-barred, this entity is also dismissed as a Defendant.

**2. Management Companies**

The Court finds an employment relationship exists between the management companies AV Automotive, LLC, and Geneva Enterprises, LLC, and the Plaintiffs. Plaintiffs AV owns BMW of Alexandria, Audi Arlington, and Porsche Arlington and "appeared as employer or payor in payroll records, including Form W-2s issued to Plaintiff Eun Shin" ECF 105 ¶ 40. Geneva

Enterprises LLC "operated or controlled dealerships and related entities within the Rosenthal Automotive group." *Id.* ¶ 20.

**3. Holding Companies**

The Court dismisses the holding company Defendants. Plaintiffs allege Rosenthal Enterprises held ownership interests in specified dealership entities; Fairfax Imports Holding controlled Fairfax Imports; and Geneva Holding controlled Geneva and related operations. *Id.* ¶¶ 54-57. They allege, "[t]he holding entities acted through the Rosenthal/Geneva management structure that governed compensation and employment functions across their operating subsidiaries." *Id.* ¶ 57. The Court finds these allegations insufficient to establish the holding companies as "employers" under the FLSA, VOWA, and VWPA.

**4. Individual Defendant George Liu**

"The overwhelming authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Aukhert v. Pritt Inv. Partners, LLC*, No. 1:22-cv-00655-MSN-WBP, 2024 WL 5410979, at *17 (E.D. Va. Dec. 16, 2024), *R. & R. adopted,* No. 1:22-cv-00655-MSN-WBP, 2025 WL 817600 (E.D. Va. Mar. 14, 2025) (quoting *Zegarra v. Marco Polo, Inc.*, No. 1:08-cv-891-JCC, 2009 WL 143428, at *2 (E.D. Va. Jan. 21, 2009))). Plaintiffs allege Liu was President and Chief Executive Officer of Rosenthal Automotive. ECF 105 ¶ 68. The FAC also alleges that Liu was the "principal enterprise decisionmaker for pay and pay plans," signed and reviewed all pay plans, managed senior supervisors, and had hiring and firing authority. *Id.* ¶¶ 27, 68. This is sufficient to find that Liu is jointly and severally liable for the VOWA violations because VOWA adopts FLSA's definition of "employer," Va. Code § 40.1-29.2.

However, these allegations are insufficient to establish Liu's liability for the breach of contract, unjust enrichment, or VWPA allegations. The FAC does not allege Liu is individually obligated under the terms of Plaintiffs' employment contracts. Additionally, the VWPA limits liability to "entit[ies]," unlike the FLSA which limits liability to "persons." The Court has found this distinction "meaningful" and has denied liability to an individual on this basis. *Aukhert*, 2024 WL 5410979, at *18; *Senteno v. Jung*, No. 1:23-cv-1271-DJN-JFA, 2024 WL 717067, at *4 (E.D. Va. Jan. 26, 2024), *R. & R. adopted*, No. 1:23-cv-1271-DJN, 2024 WL 712537 (E.D. Va. Feb. 21, 2024) (noting "the Supreme Court of Virginia has concluded that individuals are omitted from joint employer liability for unpaid wages under the VWPA"). For these reasons, and the reasons stated in open court, the Court grants the Defendants' Motion to Dismiss George Liu from the Breach of Contract, Unjust Enrichment, and VWPA Counts, but denies the Motion to Dismiss Liu as to the VOWA counts.

**C. Merits**

On the merits, Defendants move to dismiss Plaintiffs' breach of contract and unjust enrichment claims. ECF 121 at 29-31.

**1. Breach of Contract**

Under Virginia law, a breach of contract claim requires "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Filak v. George*, 594 S.E.2d 610, 614 (Va. 2004). The FAC does not allege that any Defendant had a legally enforceable obligation to any Plaintiff under a written compensation agreement. As such, the Court grants the Motion to Dismiss the breach of contract claims – the Thirteenth (challenging a company-wide 10% compensation reduction), Fifteenth (challenging unpaid longevity compensation following

the Fairfax sale-transition), and Nineteenth (challenging an $8,000 charge against Plaintiff Braxton's compensation for an engine repair) Causes of Action.

**2. Unjust Enrichment**

To recover for unjust enrichment, a plaintiff must demonstrate that: (1) the plaintiffs conferring of a benefit on the defendant, (2) the defendants' knowledge of the conferring of the benefit, and (3) the defendants' acceptance or retention of the benefit under circumstances that "render it inequitable for the defendant to retain the benefit without paying for its value." *Microstrategy, Inc. v. Netsolve, Inc.*, 368 F. Supp. 2d 533, 537 (E.D. Va. 2005) (quoting *Nossen v. Hoy*, 750 F. Supp. 740, 744-45 (E.D. Va. 1990)). "In addition to these three elements, there is a condition precedent that no express contract exists between the parties." *Jones v. Bank of Am. Corp.*, No. 4:09-cv-162, 2010 WL 6605789, at *6 (E.D. Va. Aug. 24, 2010).

Plaintiffs' claims satisfy the first two elements: They allege they provided benefits to Defendants through their labor and that Defendants knowingly and willingly accepted the benefits of that labor. As to the third element, Plaintiffs identify the following benefits retained:

> Count XIV alleges the separate removal and retention of ten percent of calculated compensation; Count XVI alleges tracked longevity balances retained after forfeiture; Count XVII is limited to Defendants that calculated, administered, received, held, credited, or retained specified retention amounts; Count XVIII identifies finance manager training repayments and limits recovery to Defendants that required, collected, received, retained, controlled, or were credited with them; and Count XIX identifies Braxton's approximately $8,000 payment. FAC ¶¶ 296-336.

ECF 121 at 31-22. These assertions, taken as true for the purposes of the Motion, adequately present circumstances that render it inequitable for Defendants to retain the benefits they received without paying for their value, with respect to the Sixteenth (challenging unpaid longevity compensation), Eighteenth (challenging Rosenthal's practice of requiring finance managers to repay cost of training), and Nineteenth (challenging a $8,000 charge against Plaintiff Braxton's

compensation for an engine repair) Causes of Action. While potentially unfair, the Fourteenth (challenging a company-wide 10% compensation reduction) and Seventeenth (challenging Rosenthal's retention adjustment policy) causes of action do not "plausibly allege that the defendant should have reasonably expected to pay the plaintiff for the benefit conferred." *White v. United Network for Organ Sharing*, No. 3:24-cv-629-RCY, 2025 WL 2656044, at *14 (E.D. Va. Sept. 16, 2025).

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and rules as follows:

1. Plaintiffs Aaron Chavez, Chelsea Montes, Michael Hook, Sean McLain, Bruce Wilson, and William Bonilla are **DISMISSED WITH PREJUDICE** because all their claims are time-barred.
2. Defendants Automotive Stuttgart, LLC; HM Chantilly, LLC; CVY of Alexandria, LLC; Fairfax Imports Holding Company; Rosenthal Enterprises, LLC; and Geneva Holding Company, Inc. are **DISMISSED WITH PREJUDICE**.
3. Defendant George Liu is **DISMISSED WITH PREJUDICE** as a Defendant for Plaintiffs' claims arising under the Breach of Contract, Unjust Enrichment, and VWPA (Tenth through Twenty-First Causes of Action).
4. The Thirteenth, Fourteenth, Fifteenth, Seventeenth, and Nineteenth (Breach of Contract) causes of action are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.
5. The Fifth, Sixth, and Eighth causes of action are **DISMISSED WITH PREJUDICE** as time-barred.
6. All allegations with respect to the remaining Plaintiffs and causes of action are **DISMISSED WITH PREJUDICE** to the extent that they are based upon actions that occurred beyond the applicable statutes of limitations.

Defendants' Motion is **DENIED** with respect to all other requested relief.

An appropriate Order will accompany this Memorandum Opinion.

The Clerk is directed to send a copy of the Memorandum Opinion to all Counsel of record.

/s/
Hon. Michael S. Nachmanoff
United States District Judge

November 10, 2026
Alexandria, Virginia